```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
LARRY JACOBSON, as Chairman of the                     :
Joint Industry Board of the Electrical                 :
Industry,                                              :        ORDER ADOPTING
                                                       :    REPORT AND RECOMMENDATION
                                      Plaintiff,       :
                                                       :        05cv1713 (DLI)(VVP)
             -against-                                 :
                                                       :
EMPIRE ELECTRICAL CONTRACTORS,                         :
INC. and JOHN ESPOSITO,                                :
                                                       :
                                      Defendants.      :
------------------------------------------------------ x
```
**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Larry Jacobson, as Chairman of the Joint Industry Board of the Electrical Industry ("Joint Board"), commenced this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145 against defendants, Empire Electrical Contractors, Inc. (the "employer") and John Esposito, to collect delinquent benefit contributions and various other sums allegedly owed to the Joint Board under a collective bargaining agreement pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The defendants were properly served with copies of the summons and complaint, but did not appear or otherwise defend the action, and plaintiff moved for a default judgment. The court entered default judgment on June 27, 2006 in favor of plaintiff and referred the matter to the assigned magistrate judge to hold an inquest on damages.

      On September 13, 2007, U.S. Magistrate Judge Viktor V. Pohorelsky issued a report and recommendation ("R&R") recommending that judgment be entered against the employer on the following claims:

(1) unpaid contributions to employment benefit plans administered by the plaintiff for weeks 39-50 of 2005 (weeks ending between September 28, 2005 to December 14, 2005), in the amount of $130,691.17 (the unpaid "ERISA Contributions");

(2) prejudgment interest on the unpaid ERISA Contributions;

(3) liquidated damages on the ERISA Contributions in the amount of $26,138.23

(4) Attorney's fees totaling $7,211.91 and costs in the amount of $834.79.

(R&R 12-13). The plaintiff filed timely objections challenging the Magistrate Judge's denial of the following claims:

(A) unpaid contributions to a deferred salary plan administered by the plaintiff and managed by Putnam Investments, a third-party investment manager, for weeks 39-50 of 2005, in the amount of $30,310.20 (the "unpaid 401(k) Contributions").

(B) Lost interest income on certain 401(k) contributions that were paid late between September 8, 2004 to September 21, 2005, in the amount of $902 (the "interest on the late-paid 401(k) Contributions").

The Magistrate Judge had denied both of these claims due to inadequate and unauthenticated supporting documentation. Plaintiff filed timely objections along with an additional declaration. (*See* Declaration of Kevin Duffy in Support of Plaintiff's Objection to the Report and Recommendation, Sept. 27, 2007 ("Duffy Decl."), Dkt. No. 18). For the reasons set forth below, the court adopts Magistrate Judge Pohorelsky's recommendations in full and overrules plaintiff's objections thereto.

## STANDARD OF REVIEW

When objections to an R&R are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *See also United States v. Raddatz,* 447 U.S. 667, 673-76 (1980).

Under Federal Rule of Civil Procedure 72(b), a district court may consider additional evidence in making its *de novo* determination as to portions of a magistrate judge's report and recommendation to which specific written objections have been made. *See also Hynes v. Suillace*, 143 F.3d 653, 656 (2d Cir. 1998)(noting that while "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, a district court nonetheless retains discretion to review supplementation of the record). *But cf. Housing Works, Inc. v. Turner*, 362 F.Supp.2d 434 (S.D.N.Y. 2005)("Absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted").

## DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that, in order to determine the amount of damages in the context of a default judgment, "the court may conduct ... a hearing." Fed. R. Civ. P. 55(b)(2). But "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir.1989)(finding the district court may properly rely on detailed affidavits or documentary evidence to evaluate

plaintiff's claimed sum); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir.1991) (where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary). But a district may not "just accept [a plaintiff]'s statement of the damages" which by itself does not satisfy the court's obligation to ensure that the damages were appropriate." *Transatlantic Marine Claims Agency v. Ace Shipping*, 109 F.3d 105 (2d Cir. 1997) (requiring the district court to take necessary steps to establish damages with "reasonable certainty.").

**A. Objection to the denial of the unpaid 401(k) Contributions**

In support of the Joint Board's demand for the unpaid 401(k) Contributions, the plaintiff presented the Magistrate Judge with a declaration by his attorney that had attached thereto (1) a demand letter sent to the employer after the action was commenced, and (2) a computer printout purporting to show the Joint Board's record of the employer's 401(k) contributions. (Supplemental Declaration of Molly A. Brooks, Nov. 28, 2006 ("Brooks Decl.") Exhibits C & K). The demand letter, dated January 23, 2006, sought $193,884.05 in total damages from the employer, which included demands for 401(k) contributions for weeks 39 to 52 of 2005. There is no indication that the defendants received or responded to this letter. The sums for the 401(k) contributions sought in the demand letter are derived from figures in the computer printout, which shows Employee Contributions of $1471.09 and Employer Contributions of $1054.76 for the week ending in September 21, 2005 (week 38 of 2005) and $0 for both types of contributions for the remaining weeks of the year. Plaintiff explained that the employer was obligated to remit both types of contributions to the deferred salary plan along with a 401(k) Plan report on a weekly basis to Putnam Investments. (Brooks Decl. ¶ 16). Plaintiff further explains that the Joint Board's figures for week 38 of 2005 were obtained from the employer's 401(k) Plan report that

week.  After week 38, the employer ceased making further contributions and reports to Putnam Investments, plaintiff could not know the precise amount of contributions owed for remaining weeks of 2005. (Brooks Decl. ¶¶ 43-44).  The Joint Board then relied on its policy of estimating the contributions owed for weeks 39-50 based on the contribution figures for week 38.  (*Id.* ¶ 17).  The Magistrate Judge denied this claim finding that the contribution figures shown in the Joint Board's computer printout was neither authenticated nor explained by a competent witness.  Nor were the figures corroborated by other evidence. (R&R at 7).

With the objections to the R&R, plaintiff provided a new declaration by the Joint Board's administrator, which repeats the Joint Board's policy of estimating damages when the employer has failed to provide 401(k) Plan reports.  The declaration has reattached the same two exhibits contained in the previous declaration by the attorney.  (Duffy Decl. ¶ 14 & Exhibits B & C).  Plaintiff, citing *Combs v. King*, 764 F.2d 818 (11th Cir. 1985), contends, that when an employer fails to file payroll reports as it is obligated to under a collective bargaining agreement, a court may award an estimated sum of the unpaid contributions owed to employee benefit and pension plans.

In an action claiming unpaid contributions on a pension fund regulated by ERISA, the plaintiff has the initial burden of showing that the employer's records are inadequate.  *LaBarbera v. A. Morrison Trucking, Inc.*, 197 Fed. Appx. 18, 21 (2d Cir. 2006)(*citing Combs v. King*, 764 F.2d 818, 826-27 (11th Cir. 1985)). If he does, he is entitled to damages unless the employer offers proof of the exact hours of work performed or evidence that "negative[s] the reasonableness of the inference to be drawn from the [fund]'s evidence." *Id.*  If the employer fails to produce such evidence, the court may then award damages even though the result is only approximate.  *See Perishable Food Ind. Pension Fund v. Am. Banana Co., Inc.*, (RWE) 2003

WL 21542316, at *3-4 (S.D.N.Y. July 1, 2003) (permitting the award of an extrapolated sum for unpaid contributions because employer failed to provide payroll reports as required under a collective bargaining agreement). *But see Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)(finding estimates of union payroll in an affidavit containing portions of an account's payroll review to be at best undocumented and at worst a speculative basis to determine damages). Plaintiff must present sufficient evidence to show that he is entitled to the estimated sum as a matter of just and reasonable inference. *Combs*, 818 F.2d at 826. The Second Circuit has cautioned against giving pension funds a "windfall" and urges district courts to give the employer the opportunity to make evidentiary submissions. *A. Morrison Trucking*, 197 Fed. Appx. at 21.

The court is mindful that ERISA was enacted to protect the interests of participants in employee benefit plans by requiring employers to disclose financial and other information. Imposing "a stringent burden of proof upon employees would have the practical effect of impairing many of the statute's benefits." *Combs*, 764 F.2d at 826. In this case, the court deems as true plaintiff's allegations that defendants' payroll records are inadequate and finds that plaintiff could be entitled to an estimation of damages. However, the court is unconvinced that plaintiff's factual showing has provided a sufficient basis to support a just and reasonable inference of the amount of the unpaid 401(k) Contributions owed in this case.

The plaintiff arrives at the $30,310.20 amount by taking the 401(k) contributions for week 38 drawn from the Joint Board's computer record printout and multiplying them by 12 for each of weeks 39 to 50 and tallying the products. The court has no way of verifying the week 38 contribution figures, which plaintiff says are derived from employer's 401(k) Plan report for that week. Plaintiff has not provided a copy of that 401(k) Plan report, nor any documentation from

the investment manager to support this representation. In fact, plaintiff had the opportunity to do so after the Magistrate Judge denied this claim on this ground, but chose to reattach the same insufficient documentation. The demand letter filed after the lawsuit was commenced does not independently corroborate the week 38 figures contained in the computer printout as the figures in the former are derived from the latter. The number of weeks of 401(k) contributions claimed decreased from 14 in the demand letter to 12 for the inquest before the Magistrate. This alteration further undermines the reliability of the claim in the demand letter.

Also, the degree of extrapolation that plaintiff attempts here goes further than in other cases. *See Jacobson v. Decora Electric, Co.*, 05cv4812 (FB)(SMG) 2007 WL 2071563, at *3 (E.D.N.Y. June 5, 2007)(permitting the award of unpaid ERISA plan contributions that includes an extrapolated sum for the last week based on established contribution figures from several previous weeks). *See Perishable Food Industry Pension Fund,* 2003 WL 21542316, at *3-4 (court accepted use of one monthly contribution amount prepared by an accountant as the basis to estimate damages for five missing monthly contribution but denied further monthly contribution claims that lacked evidentiary support). Here, the plaintiff is attempting to use an insufficiently established contribution figure for one week as the basis to estimate contributions for twelve more weeks. After this *de novo* review of the plaintiff's claim and the new declaration, the court is unable to conclude that there is sufficient factual basis to support a just and reasonable inference on plaintiff's claim for unpaid 401(k) Contributions. The Magistrate Judge's recommendation denying the claim is accordingly upheld.

**B. Objection to the denial of the interest on the late-paid 401(k) Contributions**

In support of the Joint Board's claim of $902 in interest on the late-paid 401(k) Contributions, plaintiff relies on a demand letter that the Joint Board had sent to the defendants on April 13, 2006. This demand letter contains an attached computer printout purporting to list the lost interest earnings for each late contribution. (*See* Brooks Decl. Exh. L). The Magistrate Judge denied this claim finding the documentation to be inadequately authenticated and insufficient to determine whether the contributions were in fact delinquent. In his objections, plaintiff makes the same argument by reattaching the same April 2006 demand letter as an exhibit to its new declaration.

There is no evidence that the defendants received or responded to this demand letter. Nor did the plaintiff provide any documentation to explain or confirm the basis of the figures contained in the computer printout attached to the letter. There is no indication that the employer withheld 401(k) Plan reports that would have documented the late contributions, so plaintiff cannot shift the burden of proving damages to the defendants and enjoy the relaxed standard of proof set forth in *Combs*. Again the plaintiff was on notice of the defect in its documentation and chose to resubmit the same demand letter. (*See* Duffy Decl. Exh. D). The claim for interest on the late-paid 401(k) Contributions is denied for insufficient supporting evidence.

## CONCLUSION

Having considered both of the plaintiff's objections *de novo* and rejected them for insufficient evidentiary support, and having found no error with the remainder of the R&R, court adopts Judge Pohorelsky's recommendations in full. Plaintiff's motion for default judgment is granted pursuant to Federal Rule of Civil Procedure 55(b). Plaintiff is awarded $130,691.17 in

unpaid ERISA contributions, $21,597.54 in prejudgment interest accrued on the unpaid ERISA contributions as of March 25, 2008 (with additional $24.68 for each day from March 25, 2008 until the entry of judgment)[1], $26,138.23 in liquidated damages, and $5,591.51 in attorneys' fees and $834.79 in costs.

SO ORDERED.

Dated: Brooklyn, New York
March 25, 2008

/s/
DORA L. IRIZARRY
United States District Judge

---

[1] Prejudgment interest on the unpaid ERISA contributions are calculated using dates and principal amounts listed in Exh. B to Brooks Decl.

| Week ending | Number of Days from Week ending date to 3/25/2008 | Principal Amount of ERISA contribution owed | Annual rate of interest as set forth by 26 U.S.C. § 6621 | Outstanding interest as of 3/25/2008 | Per Diem Interest (to be multiplied by the number of days from 3/25/2008 to the entry of Judgment |
|---|---|---|---|---|---|
| 9/28/2005 | 909 | 14,045.20 | 6% | $2,098.70 | $2.31 |
| 10/5/2005 | 902 | 13,196.77 | 7% | $2,282.86 | $2.53 |
| 10/12/2005 | 895 | 10,829.49 | 7% | $1,858.82 | $2.08 |
| 10/19/2005 | 888 | 14,313.98 | 7% | $2,437.69 | $2.75 |
| 10/26/2005 | 881 | 14,327.56 | 7% | $2,420.77 | $2.75 |
| 11/2/2005 | 874 | 11,340.47 | 7% | $1,900.85 | $2.17 |
| 11/9/2005 | 867 | 8,578.92 | 7% | $1,426.45 | $1.65 |
| 11/16/2005 | 860 | 11,455.39 | 7% | $1,889.35 | $2.20 |
| 11/23/2005 | 853 | 12,188.87 | 7% | $1,993.97 | $2.34 |
| 11/30/2005 | 846 | 7,504.03 | 7% | $1,217.50 | $1.44 |
| 12/7/2005 | 839 | 7,865.73 | 7% | $1,265.63 | $1.51 |
| 12/14/2005 | 832 | 5,044.76 | 7% | $804.95 | $0.97 |
| | Total | $130,691.17 | | $21,597.54 | $24.68 |