```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LARRY JACOBSON, as Chairman of the      :
Joint Industry Board of the Electrical  :
Industry,[1]                            :
                                        :              MEMORANDUM & ORDER
                  Plaintiff,            :
                                        :              05-CV-1713 (DLI)(VVP)
                  -against-             :
                                        :
EMPIRE ELECTRICAL                       :
CONTRACTORS, INC., and JOHN             :
ESPOSITO,                               :
                                        :
                  Defendants.           :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Familiarity with the parties, relevant statutes, factual background and procedural history of this case is assumed. On June 27, 2006, the court entered default judgment for plaintiff, and referred the matter to the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, for an inquest on damages. On March 25, 2008, the court adopted the report and recommendation ("R&R") of Judge Pohorelsky in full. *See generally Jacobson v. Empire Elec. Contractors, Inc.*, 2008 WL 819948 (E.D.N.Y. Mar. 25, 2008), *vacated in part*, 339 F. App'x 51 (2d Cir. 2009). Over plaintiff's objections, the court denied damages for unpaid contributions to the deferred salary plan administered by plaintiff (the "401(k) plan"), and further denied damages for lost interest income on certain late-paid contributions. *See id.* at *1 (holding that documentation supporting these damage claims was "inadequate and unauthenticated"). The court awarded plaintiff's remaining claims for damages. *See id.*

---

[1] Dr. Gerald Finkel is presently the Chairman of the Joint Board, after succeeding Larry Jacobson effective January 1, 2006. (Brooks Supplemental Decl. ¶ 1 & n.1.)

1

On July 30, 2009, the Second Circuit Court of Appeals vacated the judgment in part, and remanded it to this court "with instructions to reconsider the Joint Board's evidence and, as warranted, to calculate a proper amount of damages to award for both components of the unpaid 401(k) contributions." 339 F. App'x at 55. The Second Circuit further ordered that, "[t]o the extent that other damages associated with the unpaid 401(k) contributions—such as pre-judgment interest and liquidated damages—are appropriate, we also instruct the district court to award the Joint Board a reasonable amount for those damages." *Id.* Having reconsidered the relevant evidence, for the reasons set forth below, plaintiff is awarded $31,740.06 in unpaid contributions to the 401(k) plan (consisting of $13,280.36 for unpaid employer contributions and $18,459.70 in unpaid employee contributions), $9,662.86 in interest calculated as of the date of this Order, and $9,662.86 in liquidated damages, for a total of $51,065.77. However, the court denies plaintiff's request for interest on certain late-paid contributions to the 401(k) plan.

## DISCUSSION

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted); *see also* FED. R. CIV. P. 8(d). A court may evaluate claims for damages upon a review of detailed affidavits and documentary evidence. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also* FED. R. CIV. P. 55(b)(2) (giving district courts discretion to hold an evidentiary hearing). If the supporting evidence is sufficient, Section 502(g)(2) of ERISA entitles plaintiffs to, *inter alia*, unpaid contributions, interest, and liquidated damages. *See* 29 U.S.C. § 1132(g)(2).

Regarding evidence sufficiency, "a stringent burden of proof upon employees would have the practical effect of impairing many of the [ERISA] statute's benefits." *Combs v. King*, 764

F.2d 818, 826 (11th Cir. 1985). Thus, especially in the absence of contrary evidence from the employer, a court may award damages based on an employees' reasonable approximations. *See, e.g.*, *Perishable Food Ind. Pension Fund v. Am. Banana Co., Inc.*, 2003 WL 21542316, at *3–4 (S.D.N.Y. July 1, 2003).

A.   **Unpaid 401(k) Contributions**

    1.   **Employer and Employee Contributions**

The 401(k) plan at issue is both an employee benefit plan and a multi-employer plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). During the relevant period, defendant was bound by a collective bargaining agreement ("CBA"), which specified that the 401(k) plan be comprised of both independent employer contributions on behalf of all covered employees ("Employer Contributions"), and employer deductions from specified employees' wages ("Employee Contributions"). Defendant submitted payroll records to plaintiff (Brooks Supplemental Decl. Ex. E), which the court used to extrapolate total gross wages. The court then estimated Employer Contributions by multiplying these total gross wages per week by the FICA/Medicare tax rate of 7.65%, pursuant to the CBA. (Brooks Supplemental Decl. Ex. B, at 13–14; Duffy Decl. ¶ 6); *see* 26 U.S.C. § 3111(a)–(b). As a result, the total amount of unpaid Employer Contributions due to plaintiff is $13,280.36. (*See* App. Column D.)

Regarding Employee Contributions, plaintiff is entitled to the contributions which defendants never remitted to Putnam. *See Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr.*, 2007 WL 3124612, at *10 (E.D.N.Y. Oct. 23, 2007). As the CBA does not state the actual percentage of employee wages to be deducted (*see* Brooks Supplemental Decl. Ex. B, 12 (only a minimum contribution of 1% is required)), the court used the Week 38

3

values to obtain a ratio of Employee Contributions to Employer Contributions.[2] In Week 38, Employee Contributions totaled $1,471.09 and Employer Contributions totaled $1,054.76, resulting in a ratio of 1.39 to 1. Multiplying this ratio by the Employer Contribution amounts already calculated for Weeks 39–50 yields $18,459.70, the amount of unpaid Employee Contributions due to plaintiff. (*See* App. Column E.) Adding this to the unpaid Employer Contributions calculated above yields $31,740.06, the total amount of unpaid contributions to the 401(k) plan. (*See id.*)

   2.   **Interest**

Where, as here, the governing CBA does not specify an interest rate, ERISA entitles plaintiff to recover interest at the rate prescribed by 26 U.S.C. § 6621. *See* 29 U.S.C. § 1132(g)(2). Plaintiffs provided the relevant § 6621 rates to the court. (*See* Brooks Supplemental Decl., Ex. L.) Applying these rates to both the unpaid Employer and Employee Contributions yields $4,043.04 and $5,619.82, respectively, for a total of $9,662.86.[3]

   3.   **Liquidated Damages**

ERISA provides for liquidated damages in "an amount equal to the greater of . . . interest on the unpaid contributions, or . . . [as] provided for under the plan in an amount not in excess of 20 percent . . . ." 29 U.S.C. § 1132(g)(2)(C). Twenty percent of the total unpaid contributions of $31,740.06 ($13,280.36 of Employer Contributions and $18,459.70 of Employee Contributions)

---

[2] This method was suggested by the Second Circuit. *See Empire Elec. Contractors, Inc.*, 339 F. App'x at 55.

[3] (*See* App. Columns H, I and J.) Plaintiff seeks interest "as of the date judgment is entered *and thereafter*." (Am. Compl. 10 (emphasis added).) However, it is well established that interest under ERISA will be granted only until the date of judgment. *See, e.g.*, *Gesualdi v. Giacomelli Tile Inc.*, 2010 WL 1049262, at *1 (E.D.N.Y. Mar. 18, 2010); *La Barbera v. Tadco Const. Corp.*, 647 F. Supp. 2d 247, 253 (E.D.N.Y. 2009); *La Barbera v. Les Sub-Surface Plumbing, Inc.*, 2008 WL 906695, at *7 (E.D.N.Y. Apr. 3, 2008).

is $6,348.01 (*see* App.), which is less than the interest as calculated in Part A.2, *supra*. Plaintiff is thus awarded liquidated damages in an amount equal to the interest, $9,662.86. (*See id.*)

**B.      Lost Interest for Late-Paid 401(k) Contributions**

"A default judgment must not differ in kind from, *or exceed in amount*, what is demanded in the pleadings." FED. R. CIV. P. 54(c) (emphasis added); *see Silge v. Merz*, 510 F.3d 157, 159–60 (2d Cir. 2007) (denying plaintiff's request for damages not included in complaint after defendant defaulted). "The apparent purpose of limiting default judgments to the amount prayed for is to protect defendants who choose to default, relying on the damage ceilings contained in plaintiffs' prayers." *Silge*, 510 F.3d at 162. In order to combat unfairness, the court must limit damages in a default judgment to an amount that would have been reasonably "evident from the face of the complaint." *Id.* at 161. Furthermore, it is "well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (citation omitted).

Here, plaintiff's original Complaint demanded interest for late payments to the 401(k) plan between September 8, 2004 and October 27, 2004.[4] However, the Amended Complaint drops any reference to these late-paid contributions. (*See* Am. Compl. 10–11 (demanding only weekly payroll reports, *unpaid* contributions, interest on *unpaid* contributions, liquidated damages on *unpaid* contributions, and attorneys' fees and costs).) The Amended Complaint does allege that "defendants remitted payment for required contributions . . . *after* the filing of this action . . . ." (Am. Compl. ¶ 18 (emphasis added).) However, as this action was filed on April 4, 2005, it does not necessarily follow from this allegation that these payments were filed *late*, and

---

[4] (Compl. ¶ 22). Plaintiff also set forth a request for $902.93 in lost interest from late payments in the Supplemental Declaration of Molly A. Brooks. (Brooks Supplemental Decl. ¶ 46.)

5

the court declines to so construe it. Accordingly, plaintiff's request for interest from these payments is denied.

## CONCLUSION

For the reasons set forth above and in the attached appendix, plaintiff is awarded a total of $51,065.77 in damages resulting from unpaid contributions to the 401(k) plan. This figure does not include damages already awarded by the court on March 25, 2008.

SO ORDERED.

Dated: Brooklyn, New York
      April 1, 2010

/s/
DORA L. IRIZARRY
United States District Judge

**Appendix: Calculations for Defendants' Unpaid Contributions**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Unpaid 401(k) Contributions |||||||||||
| A. Week No. | B. Week Date | C. Total Gross Wages | D. Employer Contributions | E. Employee Contributions | F. Date of Calculation | G. Days between F and B | H. Int. Rate | I. Interest on Employer Contributions | J. Interest on Employee Contributions |
| 39 | 9/28/2005 | $ 18,330.85 | $ 1,402.31 | $ 1,949.21 | 4/1/2010 | 1646 | 6.00% | $ 379.43 | $ 527.41 |
| 40 | 10/5/2005 | $ 17,328.75 | $ 1,325.65 | $ 1,842.65 | 4/1/2010 | 1639 | 7.00% | $ 416.69 | $ 579.20 |
| 41 | 10/12/2005 | $ 13,897.90 | $ 1,063.19 | $ 1,477.83 | 4/1/2010 | 1632 | 7.00% | $ 332.76 | $ 462.54 |
| 42 | 10/19/2005 | $ 18,557.25 | $ 1,419.63 | $ 1,973.29 | 4/1/2010 | 1625 | 7.00% | $ 442.42 | $ 614.96 |
| 43 | 10/26/2005 | $ 19,393.45 | $ 1,483.60 | $ 2,062.20 | 4/1/2010 | 1618 | 7.00% | $ 460.36 | $ 639.90 |
| 44 | 11/2/2005 | $ 14,656.85 | $ 1,121.25 | $ 1,558.54 | 4/1/2010 | 1611 | 7.00% | $ 346.42 | $ 481.52 |
| 45 | 11/9/2005 | $ 11,582.10 | $ 886.03 | $ 1,231.58 | 4/1/2010 | 1604 | 7.00% | $ 272.56 | $ 378.86 |
| 46 | 11/16/2005 | $ 15,589.70 | $ 1,192.61 | $ 1,657.73 | 4/1/2010 | 1597 | 7.00% | $ 365.27 | $ 507.72 |
| 47 | 11/23/2005 | $ 16,658.30 | $ 1,274.36 | $ 1,771.36 | 4/1/2010 | 1590 | 7.00% | $ 388.59 | $ 540.14 |
| 48 | 11/30/2005 | $ 10,159.05 | $ 777.17 | $ 1,080.26 | 4/1/2010 | 1583 | 7.00% | $ 235.94 | $ 327.96 |
| 49 | 12/7/2005 | $ 9,927.85 | $ 759.48 | $ 1,055.68 | 4/1/2010 | 1576 | 7.00% | $ 229.55 | $ 319.08 |
| 50 | 12/14/2005 | $ 7,517.40 | $ 575.08 | $ 799.36 | 4/1/2010 | 1569 | 7.00% | $ 173.04 | $ 240.53 |
| | TOTAL: | | $ 13,280.36 | $ 18,459.70 | | | | $ 4,043.04 | $ 5,619.82 |
| | | Total Damages | $ 31,740.06 | | | | Total Interest | $ 9,662.86 | |
| | | Liquidated Damages (20%) | $ 6,348.01 | | | | Liquidated Damages | $ 9,662.86 | |

[Employer Contributions calculated as Cx0.0765]      **Total Damages for Unpaid 401(k) Contributions:** $ 51,065.77
[Employee Contributions calculated as Dx1.39]
[Interest Rates taken from Brooks Supplemental Decl. Ex. M]
[Interest on Employer Contributions calculated as (DxH)x(G/365)]
[Interest on Employee Contributions calculated as (ExH)x(G/365)]